# Richmond.

## ROLLER v. CATLETT, TRUSTEE.

### November 11, 1915.

#### Absent, Keith, P.

1. TRUSTS AND TRUSTEES—*Substitution of a New Trustee—Discretionary Trusts.*—When a trust is discretionary or one of personal confidence, the statute which permits the court to substitute another trustee in the place of one who has died does not apply; otherwise, it does apply, although the trustee be invested with the legal title.

2. JUDGMENTS—*Res Judicata—Recovery of Undivided Share of Land—Remaining Interest.*—A judgment in favor of the defendant for seven-thirtieths, undivided, of a tract of land is no bar to an action by the same plaintiff against the same defendant for the remaining twenty-three-thirtieths of the same tract.

3. JUDGMENTS—*Res Judicata.*—Where in a former suit between the same parties, or their privies in estate, touching the same land, a deed in defendant's chain of title was held to be void, that question is *res judicata* in a subsequent action between them touching the same land.

4. APPEAL AND ERROR—*Judgments—Conflicting Evidence.*—Where the testimony for the defendant upon an issue of fact was unreliable and inconclusive, and the trial court, upon conflicting evidence, gave judgment for the plaintiff, this court will not disturb it.

Error to a judgment of the Circuit court of Rockingham county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*John E. Roller* and *Walton & Walton,* for the plaintiff in error.

*Bumgardner & Bumgardner* and *Chas. A. Hammer,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

At the January term, 1906, of the Circuit Court of Rockingham county, Charles Catlett, defendant in error, as substituted trustee in the place of Jed Hotchkiss, deceased, former trustee, filed his declaration in ejectment against John E. Roller, plaintiff in error, and others, to recover 5,000 acres of land lying in that county.

Roller, who was permitted to sever from his codefendants, filed a separate plea of not guilty, with a statement of his grounds of defense, and the case was tried as to him. Neither party required a jury, and the court, on May 12, 1914, rendered judgment for the plaintiff for an undivided twenty-three-thirtieths of the land.

Two preliminary questions are stressed by the plaintiff in error, which first demand consideration.

1. There appears in the record in *Middlekauf* v. *Hotchkiss,* a conveyance by virtue of which the defendant, Jed Hotchkiss, as trustee, was invested with the legal title to large boundaries of land in the counties of Augusta and Rockingham, including the Gambill-Houston survey in the latter county, of which the land in controversy, known as the "Hill" tract, constitutes the northeastern portion. Hotchkiss died, and upon motion of the beneficiaries in the trust (and of his widow, who was also his personal representative and sole devisee and legatee) the County Court of Rockingham county, by virtue of an act of the General Assembly, substantially corresponding to the present statute (Acts 1910, p. 579), appointed Charles Catlett trustee in his stead.

Plaintiff in error's pretension is that, "Whenever there is a simple trust for the payment of debts, or the administration of a trust fund, then the personal representative of the trustee may execute the trust, and a substituted trustee may be appointed to

take his place, for the trustee does not in fact hold the legal title, but is the mere agent of the parties to execute the trust. But where  .  .  .  the legal title is in the party who is acting and is named as trustee, the legal title cannot be divested from him or his heirs except by a conveyance in due form."

This is not a correct exposition of the statute. It provides as follows: "When a trustee in a will, deed, or other writing, dies or removes beyond the limits of the State, or declines to accept the trust, or when, having accepted, he resigns the same as he may be allowed to do,  .  .  ." the court (formerly including the county court) of the county or corporation "in which such will was admitted to probate, or such deed or other writing is, or might have been, recorded,  .  .  .  may, on motion of any person interested, appoint a trustee or trustees in place of the trustee named in such instrument."

Speaking generally, the line of demarcation between the two classes of cases is this: When the trust is discretionary, or one of personal confidence, the statute does not apply; otherwise, it does apply. The case in judgment unmistakably falls within the latter class. The subject is discussed by Judge Riely, with characteristic lucidity, in *Dillard* v. *Dillard,* 97 Va. 434, 34 S. E. 60, where the above distinction is recognized.

2. It is, moreover, insisted that the court erred in overruling the defense of *res adjudicata,* founded upon a judgment for the defendant in the suit of *The Abbott Iron Company* (predecessors in title of defendant in error) v. *Joseph D. Price and Philip Beck* (C. C. 1889), not reported, in the District Court of the United States for the Western District of Virginia. The facts of that transaction are these: The trial court upon inspection of the record correctly determined that only an undivided seven-thirtieths of the land was included in that litigation, and having eliminated that interest, gave judgment for the residue. There was no error in that ruling.

In disposing of the remaining questions our task will be greatly simplified by the opinion and decision in *Hotchkiss* v.

*Middlekauf,* 96 Va. 649, 32 S. E. 36, 43 L. R. A. 806, of which
thè present case is the sequel. That litigation was between the
same parties and involved the same subject matter, and the
questions then decided, in addition to their force as a general
precedent, within the scope of the findings, possess the con-
clusive effect of *res adjudicata* upon the parties. We quote from
the opinion of the court delivered by Keith, P., as follows:
"Hotchkiss, trustee, brought an action of ejectment in the Cir-
cuit Court of Rockingham county against Samuel Middlekauf
and others to recover 5,000 acres of land lying in said county.
Before this cause was tried, the defendants filed a bill in chan-
cery in which they allege that the 5,000 acres which is the sub-
ject matter of the ejectment suit, was part of a larger tract of
land originally granted by the Commonwealth on the 8th of
February, 1796, to one Gambill, and that by virtue of certain
deeds they have become the owners of the land in controversy,
and have thus become 'joint owners' with the plaintiff in eject-
ment in the proportion which the 5,000 acres bears to the whole
of the original patent, the title to the residue of which they con-
cede is in Hotchkiss, trustee. In accordance with the prayer of
the bill, proceedings in the action of ejectment were enjoined,
and the chancery cause coming on to be heard upon the bill,
answer, exhibits, depositions, and the report of the commissioner
in chancery, to whom it had been referred, the court decreed
'that the complainants  .   .   .   be quieted in their possession
and ownership of the 5,000 acres of land known as the Hill
survey, upon the terms indicated in the report of Commissioner
Liggett.'" Again, the opinion says: "Their (appellees') al-
leged title, like that of appellant, begins with the grant from the
Commonwealth of Virginia to Matthew Gambill, dated Febru-
ary 8, 1796, and the chains of title of appellant and appellees
are coincident until the deed from States Wilkins and Geo. F.
Butler, attorney in fact, and committee of Helen Hawkesworth,
to James R. Mount, is reached." The opinion then proceeds to
show that appellees assert title under a deed from Butler, claim-

ing to act as attorney in fact of States Wilkins, and as committee of Helen Hawkesworth, a lunatic, to James R. Mounts. Through Mounts they trace title to Prosper Knowlton, and show that the land was sold for delinquent taxes due by Knowlton, and purchased at the tax sale by John N. Hill, to whom it was conveyed by the clerk of the County Court of Rockingham county by deed dated December 5, 1857. By deed of April 7, 1866, Hill conveyed to J. D. Price, who by several deeds conveyed the land to appellees. The court then held that the deed to James R. Mounts from George F. Butler, as attorney in fact for States Wilkins and as committee of Helen D. Hawkesworth, a lunatic, was a nullity, and likewise that the tax deed from the clerk to John N. Hill conveyed only such title as Prosper Knowlton had in the land, "and, inasmuch as he had no title, none was conveyed." The appellees thus having wholly failed to establish title to the 5,000-acre tract, the court reversed the decree of the circuit court and dissolved the injunction and dismissed the bill, leaving appellant, Hotchkiss, trustee, at liberty to prosecute his action of ejectment, "without prejudice to the rights of the parties, plaintiff and defendant, to that suit," except so far as it was found necessary to pass upon appellees' title. After the order of reversal, Hotchkiss, trustee, in April, 1900, suffered a non suit in the action of ejectment, and subsequently having died, Catlett, his successor as trustee, instituted the present suit.

Catlett, trustee, traced his title to the land through an unbroken line of conveyances to Ann Wilkins, the common source of title of both claimants, and beyond which it was unnecessary to go. John E. Roller, on the other hand, only connected himself with the void title of Prosper Knowlton, by a tax deed of July 30, 1889. That deed rests upon a sale of the property for unpaid taxes assessed against his clients, J. D. Price and others, who had no title, and consequently Roller took nothing by the tax sale. He testified that he advised his clients to allow the land to be returned delinquent for non-payment of taxes and

bought by him, so that the tax deed might furnish color of title and ultimately, with adverse possession, ripen into a good title. In that connection he, in effect, stated it was understood between him and his clients that they should be permitted, on fair and equitable terms, to share in the property.

From the foregoing summary it appears that plaintiff in error's sole defense rests upon his alleged adverse possession under color of title. The testimony for the defendant upon that issue was unreliable and inconclusive, and the circuit court, upon conflicting evidence, having determined that question against him, upon well settled principles, this court must adopt the theory of the evidence which tends to support the judgment.

*Affirmed.*